MICHAEL J. RYAN AND ELLEN M. RYAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ryan v. Commissioner
Docket No. 19253-80.
United States Tax Court
T.C. Memo 1982-249; 1982 Tax Ct. Memo LEXIS 493; 43 T.C.M. (CCH) 1313; T.C.M. (RIA) 82249; May 5, 1982. Michael J. Ryan, pro se. George W. Connelly, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth *495 below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1977 and 1978 in the amounts of $ 230.70 and $ 148.21, respectively, and imposed excise taxes for those years in the amounts of $ 42.00 and $ 84.00, respectively. The issues for decision are (1) whether $ 700 contributions to an individual retirement account in each of the years 1977 and 1978 were deductible under section 219, and (2) whether any portion of such contributions constituted excess contributions subject to the 6 percent excise tax imposed by section 4973. FINDINGS OF FACT Petitioners Michael J. Ryan and Ellen M. Ryan, husband and wife, lived in the town of Batavia, New York, at the time they filed their petition in this case. They filed joint Federal income tax returns *496 for 1977 and 1978. Mrs. Ryan will sometimes be referred to as the petitioner. During the years in issue, petitioner was a part-time employee of Saint Jerome's Hospital (the Hospital) in Batavia, New York. The Hospital qualified as a section 501(c)(3) organization and had a pension plan for employees who worked more than 1,000 hours per year. Petitioner was not eligible to participate in that pension plan because she worked less than the required 1,000 hours. On February 17, 1977, petitioner and the Hospital executed an "Amendment to Employment Contract and Authorization to Purchase Annuity Contract" (the agreement). Pursuant to the terms of the agreement, petitioner agreed to a $ 520.00 reduction in the amount of her annual salary and the Hospital agreed to pay $ 520.00 annually to the Travelers Insurance Company (Travelers) for the purchase of a nonforfeitable annuity contract to provide retirement benefits to petitioner. The annuity contract purchased by the Hospital from Travelers was a tax-sheltered annuity which satisfied the requirements of section 403(b). On or about August 1, 1977, petitioner established an individual retirement account (IRA) with Capital Guardian *497 Trust Company. In each of the years 1977 and 1978, petitioner paid $ 700.00 into the IRA and deducted those amounts on her Federal income tax returns for those years. In his notice of deficiency, the Commissioner disallowed the deductions and imposed excise taxes for the years 1977 and 1978 in the amounts of $ 42.00 and $ 84.00, respectively. OPINION The deductibility of contributions to an IRA is governed by section 219. Section 219(a) permits a taxpayer to deduct from gross income amounts paid in cash to an IRA. Section 219(b)(1) [3] limited the amount of the deduction allowed to the lesser of $ 1,500.00 or 15 percent of the individual's compensation includable in gross income for the taxable year. Section 219(b)(2)(B), in pertinent part, disallowed any deduction under section 219(a) for the taxable year if amounts were contributed by the taxpayer's employer for an annuity contract described in section 403(b) (whether or not his rights in such contract were nonforfeitable). *498 Petitioner argues that she is not precluded by section 219(b)(2)(B) from deducting the amounts paid to her IRA because her employer did not contribute any amounts for an annuity contract described in section 403(b). We disagree and find for the respondent. Generally, contributions to an annuity plan or other retirement fund paid by an employee or by his employer out of the employee's salary constitute gross income to the employee, Ward v. Commissioner,159 F.2d 502 (2d Cir. 1947), affg. a Memorandum Opinion of this Court, and are taxable in the year when made. Section 403(b), however, carves out an exception to the general rule and permits a taxpayer to defer payment of income taxes on amounts paid into an annuity plan until the annuity payments are made to the taxpayer. Section 403 provides, in pertinent part: (b) Taxability of Beneficiary Under Annuity Purchased by Section 501(c)(3) Organization or Public School.-- (1) General Rule.--If-- (A) an annuity contract is purchased-- (i) for an employee by an employer described in section 501(c)(3) which is exempt from tax under section 501(a), or (C) [and] the employee's rights under the contract *499 are nonforfeitable, except for failure to pay future premiums, then amounts contributed by such employer for such annuity contract on or after such rights become nonforfeitable shall be excluded from the gross income of the employee for the taxable year to the extent that the aggregate of such amounts does not exceed the exclusion allowance for such taxable year. Section 1.403(b)-1(b)(3)(i), Income Tax Regs., provides, in pertinent part: [t]he exclusion provided by [section 403(b)] is applicable to amounts contributed by an employer for an annuity contract as a result of an agreement with an employee to take a reduction in salary, or to forego an increase in salary, but only to the extent such amounts are earned by the employee after the agreement becomes effective. Such an agreement must be legally binding and irrevocable with respect to amounts earned while the agreement is in effect. [4]
Section 403, and the regulations published pursuant to that section, make it clear that *500 in order for a taxpayer to defer the taxation of amounts contributed to an annuity plan, it must be the employer who contributes to the annuity plan for the employee's benefit. The requirement that the contributions to the plan be made by the employer is satisfied when the employer and the employee enter into a contract which provides that the employee will take a reduction in salary and that the employer will pay a like amount into an annuity plan for the employee's benefit. See Bollotin v. United States,38 AFTR 2d 76-5712, 76-2 USTC par. 9604 (S.D.N.Y. 1976), affd. by unpublished order (2d Cir. 1977). Petitioner implicitly acknowledges that, pursuant to section 403(b), amounts were paid by her employer to an annuity plan for her benefit, since she excluded such amounts from her gross income on her Federal income tax returns for the years in issue. This being so, the prohibitions of section 219(b)(2)(B) are directly applicable to this case and petitioner may not deduct those amounts paid by her to an IRA in 1977 and 1978.
Petitioners have stipulated that, should the respondent prevail on the deductibility of the IRA payments in issue, they are liable for the *501 excise taxes imposed pursuant to section 4973. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Section 219(b)(1) was amended by Pub. L. 97-34, effective for taxable years beginning after December 31, 1981. As of December 31, 1981, a taxpayer, whose employer contributed amounts for an annuity contract described in section 403(b), is not prohibited from deducting amounts paid into an IRA.↩
4. The agreement between petitioner and the Hospital mirrored the requirements of the regulations and was obviously designed to allow petitioner the tax-sheltered benefits of section 403(b).↩